UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAYSHAWN LEEANTHONY BROWN,

    Plaintiff,

    v.                                  CAUSE NO. 3:18CV429-PPS/MGG

NURSE NANCY, *et al.*,

    Defendants.

OPINION AND ORDER

DayShawn LeeAnthony Brown, a *pro se* prisoner, filed a complaint alleging that he received inadequate medical treatment while a pretrial detainee at the St. Joseph County Jail. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Brown alleges that he became incarcerated at the St. Joseph County Jail on January 18, 2017. Upon intake, he told Nurse Nancy about his medical history and current necessary prescription medications. Nurse Nancy told him that she

would make sure he got his prescription medications, however, that never happened. Following intake, Brown constantly reminded Nurse Nancy of his need for prescription medications, but those requests went ignored. Brown then informed Nurse LaToya, Nurse LaTosha, and Nurse Stephanie of his need for those previously prescribed medications. Even though these nurses knew that Brown needed to be on these medications, they ignored his requests as well. Brown did not receive any of his prescription medications for the remainder of his stay at the St. Joseph County Jail. As a result of not having his medications, Brown alleges that he endured pain and suffering. On January 12, 2018, he was transferred to the Lake County Jail. Medical professionals at the Lake County Jail immediately placed him on those medications. Brown sues these four nurses for money damages.

Brown alleges a claim of deliberate indifference against Nurse Nancy, Nurse LaToya, Nurse LaTosha and Nurse Stephanie for denying him his necessary prescription medications while housed at the St. Joseph County Jail. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016). Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Here, Brown states a plausible claim of deliberate indifference against each of these nurses for denying him necessary medical treatment. According to the allegations

of the complaint, each of them knew he needed his prescription medications yet ignored that need for nearly an entire year.

ACCORDINGLY:

Plaintiff DayShawn LeeAnthony Brown is GRANTED leave to proceed against Nurse Nancy, Nurse Stephanie, Nurse LaToya and Nurse LaTosha, for money damages for denying him his prescription medications from January 18, 2017, to January 12, 2018, in violation of the Fourteenth Amendment.

All other claims are DISMISSED.

The clerk and the United States Marshals Services are DIRECTED to issue and serve process on Nurse Nancy, Nurse Stephanie, Nurse LaToya and Nurse LaTosha at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d).

The Court ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Nancy, Nurse Stephanie, Nurse LaToya and Nurse LaTosha respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which DayShawn LeeAnthony Brown has been granted leave to proceed in this order.

SO ORDERED on September 19, 2018.

_/s/ Philip P. Simon_____
JUDGE
UNITED STATES DISTRICT COURT