DAYSHAWN L. BROWN,

        Plaintiff,

    v.                                 CAUSE NO. 3:18-CV-429-DRL-MGG

NURSE NANCY, *et al.*,

        Defendants.

## OPINION AND ORDER

Dayshawn L. Brown, a prisoner without a lawyer, was granted leave to proceed against Nurse Nancy, Nurse Stephanie, Nurse LaToya, and Nurse LaTosha for money damages for allegedly denying him his prescription medications from January 18, 2017 to January 12, 2018, in violation of the Fourteenth Amendment. ECF 7. The defendants have filed the instant motion for summary judgment asserting that Mr. Brown failed to exhaust his administrative remedies. ECF 31. Mr. Brown has responded to the motion. ECF 36.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. A "suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A "prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Mr. Brown was incarcerated at the St. Joseph County Jail from January 18, 2017 through January 12, 2018. ECF 1 at 3. The St. Joseph County Jail's grievance procedure is contained in the Inmate Handbook and is distributed to each inmate. ECF 33-1 at 1-2; Aff. of Lynn S. Mahoney Henckel, ECF 33-2 ¶ 9. The grievance procedure in effect when Mr. Brown was housed at the St. Joseph County Jail provides:

> A grievance is a complaint. It must concern a rule or procedure, a complaint of oppression, or a misconduct by an employee in administering such rules. A personal dispute between inmates and/or inmates and employees is not considered grounds for a grievance. An appeal of a classification or disciplinary decision is NOT a grievance.
>
> 1. Submit a grievance with the pod deputy.

2. The grievance will be numbered and sent to the supervisor responsible for the person or issue the grievance addresses for investigation.

3. Following the investigation of the claim or complaint a written response to your grievance will be returned to you upon completion of the investigation.

4. You may file another grievance on the same issue which will be forwarded to the Jail Commander for a second review. You must indicate on the grievance that it is the second attempt to have your grievance reviewed. Should the grievance require further review it may be submitted to the Sheriff.

5. **DO NOT have family or friends call the facility to resolve jail issues.**

ECF 33-1 at 1-2; ECF 33-2 ¶ 7. The jail's nursing staff's alleged failure to administer medications is subject to the St. Joseph County Jail's grievance procedure. ECF 33-2 ¶ 8.

The court's review of the record in this case shows that Mr. Brown did not submit a grievance for the claims he raised in this lawsuit. First, on its face, Mr. Brown's complaint shows that he neither initiated nor exhausted his administrative remedies. ECF 1 at 4. Specifically, in response to question seven of the complaint—which asks: "Could you have used a prison grievance system to complain about this event?"—he placed a checkmark in the circle labeled: "No, this event is not grievable at the prison or jail where it occurred." *Id.* In other words, at the time Mr. Brown filed his complaint with the court, he confirmed he had not submitted a grievance even though the jail's grievance procedure required him to do so. ECF 33-2 ¶ 8 ("inmate's allegations regarding the jail's nursing staff's failure to administer medications as ordered is subject to the St. Joseph County Jail grievance procedure provided in the Inmate Handbook").

Nonetheless, Mr. Brown now asserts that he submitted two grievances related to this case. ECF 36 at 1. Here, he claims he followed the steps mandated by the jail's grievance procedure by completing forms and giving them to the custody officers in his pod. *Id.* However, Mr. Brown has not provided copies of these grievances, and he has not described the nature of the grievances. While he represents that he informed Ms. Henckel and other jail officials that he was not receiving his prescription medications, he has produced no evidence other than his own self-serving statement that

he filed two grievance forms with custody officers. And his self-serving statement contradicts his earlier statement in his complaint that he did not utilize the jail's grievance system to complain about not receiving his medications. Furthermore, in the affidavit Ms. Henckel filed with the court, she testified that to the "best of [her] recollection, [she] was not aware of any grievances filed by DayShawn LeAnthony Brown." ECF 33-2 ¶ 11.

In sum, the undisputed evidence in this case shows that Mr. Brown initiated this lawsuit without exhausting his administrative remedies. There is no evidence that the grievance process was made unavailable to Mr. Brown. Accordingly, the court GRANTS the defendants' motion for summary judgment (ECF 31) and in accordance with 42 U.S.C. § 1997(e)(a).

SO ORDERED.

January 8, 2020                                   _s/ Damon R. Leichty_
                                                  Judge, United States District Court